IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHNSON MATTHEY PROCESS TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE J.M. HOVEY and G.W. ARU LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. CV420-322 <br> ) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Before the Court is Defendant G.W. Aru LLC's First Motion to Dismiss Plaintiff's Verified Complaint. (Doc. 12.) For the following reasons, Defendant G.W. Aru's motion (Doc. 12) is **GRANTED**.

**BACKGROUND**[1]

Plaintiff Johnson Matthey Process Technologies, Inc. ("JMPTI") brings this action against Defendant Katherine J.M. Hovey and Defendant G.W. Aru, asserting claims against both Defendants for misappropriation of trade secrets under the Defend

---

[1] For the purposes of this Order, the Court will accept all factual allegations in the Complaint as true and construe all allegations in the light most favorable to Plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008).

Trade Secrets Act ("DTSA") and the Georgia Trade Secrets Act ("GTSA"). (Doc. 1.) JMPTI manufactures, delivers, and sells catalysts, additives and addition systems and provides technical support services for the Fluid Catalytic Cracking ("FCC") process used in oil refineries. (Doc. 1 at ¶¶ 18-19.) JMPTI's office in Savannah, Georgia, houses the company's manufacturing and research development operations. (Id. at ¶ 29.)

Defendant Hovey worked for JMPTI in Malaysia from January 2016 to September 2020 as a senior FCC technical service engineer for refineries. (Id. at ¶ 26.) At the start of her employment with JMPTI, Defendant Hovey signed a Secrecy Undertaking Agreement which prohibited Defendant Hovey from removing confidential or proprietary JMPTI information during her employment and from disclosing or using JMPTI's confidential information following her departure from the company. (Id. at ¶¶ 27, 28.) In her position as a senior FCC technical service engineer, Defendant Hovey had access to JMPTI's confidential information, including data and information related to every customer or potential customer in the FCC business. (Id. at ¶ 32.)

On August 25, 2020, after working for JMPTI for almost five years, Defendant Hovey informed her manager, Todd Hochheiser, that

she was resigning. (Id. at ¶ 34.) On the same day, Defendant Hovey informed Hochheiser that she would be working for one of JMPTI's competitors but did not disclose which competitor. (Id. at ¶ 34.) JMPTI's Acceptance of Resignation letter to Defendant Hovey, which Defendant Hovey signed on September 10, 2020, provided that Defendant Hovey's last day of employment would be September 25, 2020. (Doc. 1, Attach. 4 at 2.) The letter also directed Defendant Hovey to return all of JMPTI's "properties" to the Human Resources Department. (Id.) The day before her last day of employment, Defendant Hovey informed Hochheiser that she would be going to work for Defendant G.W. Aru. (Doc. 1 at ¶ 37.) Defendant G.W. Aru also operates in the refinery catalyst industry and is a direct competitor of JMPTI. (Id. at ¶ 44.) JMPTI alleges that Defendant Hovey immediately began working as a senior technical service engineer for Defendant G.W. Aru after her departure. (Id. at ¶ 43.)

After Defendant Hovey's departure, JMPTI discovered that on August 23, 2020, two days before Defendant Hovey informed Hochheiser of her resignation, Defendant Hovey downloaded JMPTI's "Intercat Master Files" to a personal external USB drive. (Id. at ¶¶ 39-40.) The Intercat Master Files included information for all of JMPTI's customer accounts, totaling more than 100 gigabytes of

3

JMPTI's data. (Id. at ¶ 40.) This information was considered confidential and invaluable in the hands of a competitor. (Id. at ¶¶ 41-42.) On October 5, 2020, JMPTI's counsel sent Defendant Hovey a letter demanding the return of the confidential information and assurances that it had not been copied or used. (Id. at ¶ 50; Doc. 1, Attach. 7 at 2-4.) On October 7, 2020, Defendant Hovey's counsel replied to JMPTI's letter via email and essentially admitted that Defendant Hovey had taken the information but assured JMPTI that Defendant Hovey had not copied, used, or shared any of the information. (Doc. 1, Attach. 8 at 2.) At this time, however, the parties have been unable to agree on a protocol to return JMPTI's confidential information. (Doc. 1 at ¶ 53.)

On October 23, 2020, JMPTI filed suit in this Court against Defendant Hovey and Defendant G.W. Aru. (Doc. 1.) In its complaint, JMPTI alleges that both Defendants violated the DTSA and the GTSA. (Id. at ¶¶ 57-86.) In relation to Defendant G.W. Aru, JMPTI specifically alleges that Defendant G.W. Aru ". . . through its employee/agent, [Defendant] Hovey, now retains, in its custody and control JMPTI's trade secrets and confidential information." (Id. at ¶ 48.) In addition, JMPTI asserts that Defendant Hovey downloaded the Intercat Master Files to use in her employment with

4

Defendant G.W. Aru. (Id. at ¶ 47.) As a result, JMPTI alleges that both Defendants ". . . have engaged and are engaged in the actual or threatened misappropriation of JMPTI's confidential information . . . ," in violation of the DTSA and GTSA. (Id. at ¶¶ 68, 83.)

On February 19, 2021, Defendant G.W. Aru filed its motion to dismiss JMPTI's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 12 at 1.) Namely, Defendant G.W. Aru argues that JMPTI's complaint fails to allege sufficient facts to support claims of misappropriation under the DTSA or the GTSA. (Doc. 12, Attach. 1 at 6.) JMPTI has responded in opposition to Defendant G.W. Aru's motion.[2] (Doc. 17.)

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl.

---

[2] There is no indication in the record that Defendant Hovey has been served in this case. As a result, Defendant Hovey has not filed a response to the motion.

Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (alteration in original).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S. Ct. at 1974). For a claim to have facial plausibility, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (quotations omitted). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

6

possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966). Additionally, a complaint is sufficient only if it gives "fair notice of what the . . . claim is and the grounds upon which it rests." Sinaltrainal, 578 F.3d at 1268 (quotations omitted).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint as true. Id. at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1950. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [plaintiff's] allegations." Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545, 127 S. Ct. at 1959).

## ANALYSIS

In its complaint, JMPTI raises claims under the GTSA and the DTSA against Defendant G.W. Aru, alleging that Defendant G.W. Aru misappropriated its trade secrets. (Doc. 1 at ¶¶ 68, 83.) "A claim for misappropriation of trade secrets under the Georgia Trade Secrets Act requires a plaintiff to prove that '(1) it had a trade secret and (2) the opposing party misappropriated the trade secret.' " Cap. Asset Research Corp. v. Finnegan, 160 F.3d 683, 685 (11th Cir. 1998) (quoting Camp Creek Hosp. Inns, Inc. v. Sheraton Franchise Corp., 139 F.3d 1396, 1410 (11th Cir. 1998)). "The DTSA requires the same showing, but with the additional requirement that the trade secret 'is related to a product or service used in, or intended for use in, interstate or foreign commerce.' " Argos USA LLC v. Young, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *5 (N.D. Ga. June 28, 2019) (quoting Agilysys, Inc. v. Hall, 258 F. Supp. 3d 1331, 1348 (N.D. Ga. 2017); see also U.S. Sec. Assoc. v. Lumby, NO. 1:18-CV-5331-TWT, 2019 WL 8277263 at *10 (N.D. Ga. Sept. 25, 2019) ("To state plausible claims under both the GTSA and DTSA, the Plaintiff must assert that (1) it had a trade secret; and (2) the opposing party misappropriated the trade secret.").

8

Under both the GTSA and the DTSA, "[a] defendant misappropriates a trade secret when the defendant acquires a trade secret from someone the defendant has reason to know acquired the trade secret by improper means, . . . or when the defendant 'discloses or uses a trade secret of another, without express or implied consent, knowing that at the time of disclosure or use the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.' " Diamond Power Int'l, Inc. v. Davidson, 540 F. Supp. 2d 1322, 1338 (N.D. Ga. 2007) (quoting Penalty Kick Mgmt. Ltd. v. Coca Cola Co., 318 F.3d 1284, 1292 (11th Cir. 2003)); 18 U.S.C. § 1839(5); O.C.G.A. § 10-1-761(2). Misappropriation need not be actual, as threatened misappropriation constitutes actionable misappropriation. O.C.G.A. § 10-1-762; 18 U.S.C. § 1836(b)(3)(A)(i). Further, "improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy. O.C.G.A. § 10-1-761 (1); 18 U.S.C. § 1839(6).

Defendant G.W. Aru does not dispute, for purposes of this motion, that the Intercat Master Files are trade secrets. At issue here is whether JMPTI has pled sufficient facts to allege that Defendant G.W. Aru misappropriated JMPTI's trade secrets.

9

Defendant G.W. Aru argues that JMPTI's allegations are insufficient for two reasons: (1) JMPTI has not sufficiently alleged that Defendant G.W. Aru acquired the trade secrets from Defendant Hovey; and (2) JMPTI has not sufficiently alleged that Defendant G.W. Aru disclosed or used or threatened to use the trade secrets. (Doc. 12, Attach. 1 at 7, 11.) The Court will address Defendant G.W. Aru's arguments in turn.

I. WHETHER DEFENDANT G.W. ARU ACQUIRED THE TRADE SECRETS

First, Defendant G.W. Aru contends that JMPTI has not sufficiently alleged that G.W. Aru acquired JMPTI's trade secrets from Defendant Hovey. (Doc. 12, Attach. 1 at 8.) Defendant G.W. Aru argues that "[JMPTI's] sole possible theory about G.W. Aru obtaining its trade secrets is based exclusively on G.W. Aru's alleged relationship with [Defendant] Hovey." (Id.) Defendant G.W. Aru further contends that Defendant Hovey was not an employee or agent of G.W. Aru at the time of her improper actions and therefore it cannot be liable for her alleged misappropriation based solely on a later-formed employment relationship. (Id. at 10.) In other words, Defendant G.W. Aru contends that "[JMPTI] has failed to plausibly allege any direct acquisition by G.W. Aru or any agency

10

relationship existing between [Defendant] Hovey and [Defendant] G.W. Aru]." (Doc. 19 at 10.)[3]

As an initial matter, JMPTI does not allege in its complaint that Defendant G.W. Aru possesses or previously possessed JMPTI's trade secrets. JMPTI has not argued that Defendant Hovey transferred the Intercat Master Files to Defendant G.W. Aru, that Defendant G.W. Aru downloaded the Intercat Master Files from Defendant Hovey's USB drive, or that Defendant G.W. Aru has even viewed the files. Instead, JMPTI appears to allege that Defendant Hovey's retention of the trade secrets after becoming an employee of G.W. Aru equates to G.W. Aru acquiring the trade secrets.[4] (Doc. 1 at ¶¶ 48-49 ("The retention of JMPTI's trade secrets and

---

[3] Because JMPTI seems to have abandoned any claim based on agency theory by failing to raise the issue in its response to Defendant G.W. Aru's motion, the Court will not address Defendant G.W. Aru's agency arguments. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding a party abandons claims that he does not argue in his brief).

[4] Defendant G.W. Aru disputes that an employment relationship ever existed between Defendant Hovey and Defendant G.W. Aru. (Doc. 12 at 4.) However, JMPTI has sufficiently alleged that, at some point in time, Defendant Hovey was an employee of Defendant G.W. Aru. As evidence of their employment relationship, JMPTI has provided a LinkedIn post indicating that Defendant Hovey worked for G.W. Aru in some capacity and that Defendant Hovey's email was, at some point, "kate.hovey@GWAru.com." (Doc. 1, Attach. 5 at 2.) At the motion to dismiss stage, this evidence suffices to support JMPTI's allegations concerning Defendants' employment relationship.

11

confidential information in the hands of an employee of G.W. Aru will cause irreparable injury to Plaintiff.").)

To support its argument that it did not acquire JMPTI's trade secrets, Defendant G.W. Aru relies on Agilysys, Inc. v. Hall, 258 F. Supp. 3d 1331, 1347 (N.D. Ga 2017). In Agilysys, the plaintiff alleged that the defendant-employer hired the defendant-employee "with full knowledge of [the employee's] possession of, and access to, Plaintiff's trade secret information." 258 F. Supp. 3d at 1346. The district court ultimately granted the defendant-employer's motion to dismiss because the plaintiff failed to allege facts in its complaint to support its allegations that the defendant-employer knew or had reason to know that the employee had obtained protected information. Id. at 1347. Similarly here, JMPTI has failed to allege that Defendant G.W. Aru knew or had reason to know that Defendant Hovey downloaded the Intercat Master Files prior to beginning her work with Defendant G.W. Aru.

The Court recognizes that the email from Michael Dailey to JMPTI on behalf of Defendant Hovey may evidence G.W. Aru's knowledge of Defendant Hovey's improper acquisition of trade secrets, especially considering that Mr. Dailey now represents G.W. Aru. (Doc. 1, Attach. 8; Doc. 7.) However, the Northern

District of Georgia faced a similar evidentiary situation in <u>Argos USA LLC v. Young</u>, No. 1:18-CV-02797-ELR, 2019 WL 4125968, at *8 (N.D. Ga. June 28, 2019), and found that the plaintiff in that case failed to plausibly allege misappropriation. In <u>Argos</u>, the district court addressed whether the plaintiff plausibly alleged that the defendant-employer acquired trade secrets from the defendant-employee when the employee disclosed the trade secrets to the defendants' shared attorney. <u>Id.</u> at *8. Specifically, the plaintiff's complaint alleged that (1) "[the defendant-employee] eventually delivered the documents to one of [the plaintiff's] competitors, [defendant—employer], through that company's attorney, Gott"; (2) "Gott knew that the documents contained trade secrets"; and (3) "[the defendant-employer] knew that the documents contained trade secrets." <u>Id.</u> The district court found that "[t]hese conclusory allegations about [the defendant-employee's] purported disclosure to [the defendant-employer] fail." <u>Id.</u>

In this case, JMPTI seems to allege that, like the plaintiff in <u>Argos</u>, Defendant G.W. Aru is liable for misappropriation solely because one of its employees, Defendant Hovey, acquired JMPTI's trade secrets. Unlike the plaintiff in <u>Argos</u>, JMPTI does not

13

expressly raise an allegation that Defendant G.W. Aru is liable because its attorney, Michael Dailey, also represented Defendant Hovey and knew that Defendant Hovey acquired trade secrets through improper means. JMPTI did, however, provide the email from Mr. Dailey to JMPTI on behalf of Defendant Hovey. (Doc. 1, Attach. 8.) Although this email indicates that Mr. Dailey was aware of Defendant Hovey's improper acquisition of JMPTI's confidential information, the email, without any related allegations from JMPTI in its complaint, does not constitute a plausible allegation that Defendant G.W. Aru acquired JMPTI's trade secrets. Accordingly, JMPTI has not sufficiently pled that Defendant G.W. Aru misappropriated JMPTI's trade secrets through acquisition from Defendant Hovey.

II. WHETHER DEFENDANT G.W. ARU USED OR DISCLOSED OR THREATENED TO USE OR DISCLOSE THE TRADE SECRETS

JMPTI also alleges that Defendant Hovey, as an employee of Defendant G.W. Aru, "has used, disclosed, and/or relied upon, JMPTI's confidential information and trade secrets[] to benefit [herself] and/or G.W. Aru." (Doc. 1 at ¶ 82.) JMPTI goes on to allege that, because an employee of G.W. Aru possesses JMPTI's trade secrets, Defendant G.W. Aru has engaged in "threatened misappropriation" of the trade secrets. (Id. at ¶ 83.)

Defendant G.W. Aru, in its motion, argues that JMPTI has failed to plausibly allege how it either used or disclosed JMPTI's proprietary information. (Doc. 12, Attach. 1 at 11.) Defendant G.W. Aru notes that JMPTI has not alleged that Defendant G.W. Aru disclosed any information to a third party; that Defendant G.W. Aru used the information in any product or computer model; that Defendant G.W. Aru has contacted any customer whose information is contained on the files; or that Defendant G.W. Aru has threatened to use or disclose any of JMPTI's information. (Id. at 13-14.) In essence, Defendant G.W. Aru argues that JMPTI's allegations are conclusory and do not plead specific facts to support its claim that Defendant G.W. Aru misappropriated Plaintiff's trade secrets. The Court agrees.

As an initial matter, it is clear that JMPTI has failed to sufficiently allege that Defendant G.W Aru has used or disclosed it confidential information. JMPTI's complaint lacks any specific facts alleging that Defendant G.W. Aru has utilized Plaintiff's information in any products, models, or tools or that Defendant G.W. Aru has contacted any of JMPTI's customers. At most, JMPTI's allegations establish that Defendant Hovey possesses a USB drive with JMPTI's proprietary information and that Defendant Hovey

15

resigned from her employment with JMPTI to work for Defendant G.W. Aru. A plaintiff "must show more than mere possession of a trade secret" by a former employee to plausibly allege misappropriation against the employee's new employer. Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F. Supp. 2d 1326, 1338 (S.D. Fla. 2001). It is not enough for Plaintiff to generally allege that Defendant Hovey's possession of the trade secrets means that Defendant G.W. Aru has misappropriated the information. See AWP, Inc. v. Henry, No. 1:20-CV-01625-SDG, 2020 WL 6876299 at *4 (N.D. Ga Oct. 28, 2020); see also Painters Supply & Equip. Co. v. Barkwell, No. 1:20-cv-03985-SDG, 2020 WL 7051337, at *2 (N.D. Ga. Dec. 1, 2020) (granting a motion to dismiss because the plaintiff "did not demonstrate a causal link between [the defendant-employee's] possession of an alleged trade secret and [the defendant-employer] obtaining business from [the plaintiff's] customers"); Agilysys, 258 F. Supp. 3d at 1346-47 (finding plaintiff made conclusory allegations about the defendant-employer's knowledge of the trade secrets, reasoning there were no specific facts to support plaintiff's allegations); Putters v. Rmax Operating, Inc., No. 1:13-CV-3382-TWT, 2014 WL 1466902, at *3 (N.D. Ga. Apr. 15, 2014) (finding an employer's counterclaim that

16

a former employee disclosed protected information to its new employer was no more than a bare allegation because it stopped short of crossing the line from possible into plausible).

Likewise, the mere possession of a trade secret is inadequate to state a claim of threatened misappropriation. See AWP, 2020 WL 6876299, at *4 (concluding that plaintiff failed to "take the next, necessary step and allege specific facts showing [the defendant-employer] has ever threatened to use or disclose AWP's trade secrets."); c.f. SCIGRIP, Inc. v. Engineered Bonding Sol., LLC, No: 6:15-cv-653-Orl-22KRS, 2015 WL 13792807, at *4 (M.D. Fla. Dec. 9, 2015) (finding allegations in a complaint sufficient where plaintiff alleged that the defendant-employee provided the defendant-employer "with knowledge of, access to, and possession of [the plaintiff's] confidential trade secret information" and that the defendant-employer "used [the plaintiff's] trade secrets in developing its own adhesive products").

In its response to Defendant G.W. Aru's motion, Plaintiff argues that G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt., LLC, No. 1:17-cv-2188-TCB, 2017 WL 6996372, at *5 (N.D. Ga. Oct. 23, 2007), is analogous to this case. The defendant-employees in G.W. Henssler improperly acquired the plaintiff's confidential

17

information before forming their own competing company. 2017 WL 6996372, at *1-2. The district court ultimately granted a preliminary injunction against the former employees and the new company. Id. at *7. The court found that the plaintiff had a likelihood of succeeding on the merits of a misappropriation claim against the former employees and the competing company because the "[d]efendants knew or had reason to know that these secrets were divulged through improper means, and thus that [d]efendants misappropriated [the plaintiff's] trade secrets." Id. at *5. In contrast to the circumstances in G.W. Henssler, Defendant Hovey did not form Defendant G.W Aru nor did Defendant G.W Aru hire Defendant Hovey as an executive within the company.

Notably, the G.W. Henssler court, in addressing a motion to dismiss filed prior to the motion for preliminary injunction, denied the defendants' request to dismiss the plaintiff's DTSA claim because the plaintiff alleged specific facts about how the defendants used the plaintiff's trade secrets. G.W. Henssler & Assocs., Ltd. v. Marietta Wealth Mgmt., LLC, No. 1:17-cv-2188-TCB, Doc. 23 at 17-18 (N.D. Ga. Aug. 18, 2017). Particularly, the plaintiff alleged that a specific individual observed the defendants "making use of the misappropriated information in

18

various settings on reasonably specific dates." Id. at 17 n.3. The district court determined that the plaintiff's allegations were a "far cry" from general, conclusory allegations about use or disclosure. Id. Here, JMPTI has not alleged how or when Defendant G.W. Aru disclosed or used or threatened to disclose or use its confidential information. Accordingly, the Court finds that JMPTI has failed to sufficiently plead its allegation that Defendant G.W. Aru misappropriated JMPTI's trade secrets on this ground. As a result, JMPTI's claims against G.W. Aru under the DTSA and the GTSA are due to be dismissed.[5]

## CONCLUSION

For the foregoing reasons, Defendant G.W. Aru's Motion to Dismiss (Doc. 12) is **GRANTED**. As a result, JMPTI's claims against Defendant G.W. Aru are **DISMISSED**. Because the Court has dismissed JMPTI's claims against Defendant G.W. Aru, JMPTI's only remaining claims concern Defendant Hovey. However, there is no indication on the record that Defendant Hovey has been served or that JMPTI has

---

[5] In a footnote, G.W. Aru objects to JMPTI's assertion that this Court has personal jurisdiction over G.W. Aru. (Doc. 12, Attach. 1 at 1 n.1.) Although the Court also has concerns about personal jurisdiction, the Court declines to address the issue because JMPTI's claims against Defendant G.W. Aru are dismissed on other grounds.

attempted to effectuate service on Defendant Hovey. As a result, JMPTI is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of this order whether it has diligently attempted to effectuate service on Defendant Hovey.[6] Failure to comply with this directive may result in dismissal of JMPTI's complaint.

SO ORDERED this 8th day of July 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[6] Ordinarily, a plaintiff must effectuate service on a defendant within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). "That time limit does not apply, however, when a plaintiff is attempting to serve an individual in a foreign country." Harris v. Orange S.A. 636 F. App'x 476, 485 (11th Cir. 2015) (citing Fed. R. Civ. P. 4(m)). The Eleventh Circuit has "not held in a published decision whether or what time constraints apply to service on foreign defendants;" but the Eleventh Circuit has observed that "a plaintiff's complaint may be dismissed upon a showing that [it] failed to exercise diligence in attempting to effectuate service on a foreign defendant." Id. at 485-86. In this case, JMPTI has alleged that Defendant Hovey is a citizen of the United Kingdom and resides in Portugal. (Doc. 1 at ¶¶ 3, 43.) Accordingly, JMPTI must exercise reasonable diligence in attempting to effectuate service upon Defendant Hovey or risk dismissal of its complaint.

20